IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-08-182 |
| | § | CIVIL ACTION NO. H-09-3178 |
| JORGE ALBERTO LOZANO-VALDEZ | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a *pro se* motion filed by the Defendant to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry No. 32.) The Government responded to the motion with a motion to dismiss. (Docket Entry No. 46.)

Upon due consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the Government's motion to dismiss and DENIES Defendant's section 2255 motion for the reasons that follow.

*Background and Claims*

Defendant challenges his guilty plea conviction and 57-month sentence for one count of illegal re-entry after deportation and after having been convicted of robbery. Defendant claims in the instant motion that trial counsel was ineffective in the following particulars:

(1) failing to inform the Court that his first deportation was voluntary;

(2) failing to inform the Court that he was not warned of future consequences if he returned to the United States;

(3) causing his plea to be unknowingly and unintelligently made because of the above two errors;

(4) failing to object to the Court's imposition of a 16 level enhancement for his prior felony conviction;

(5) allowing an erroneous computation of his criminal history; and

(6) failing to request a credit for his seven-month state and immigration custody.

The Government argues that these allegations of ineffective assistance are groundless and that the motion should be denied.

## *Analysis*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A criminal defendant's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a defendant must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance

was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a defendant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment in a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness did not deprive the defendant of any substantive or procedural right to which he is entitled. *Id.*

In compliance with this Court's order, trial counsel submitted an affidavit responding to Defendant's claims of ineffectiveness. In the affidavit, trial counsel testified, in relevant part, as follows:

3

First, [Defendant] alleges that I was ineffective in that I did not bring to the Court's attention the fact that, rather than being deported from the United States, he voluntarily departed from the United States. [Defendant] also alleges that immigration officials did not adequately advise him of the collateral consequences of returning illegally to the United States and that, therefore, his plea of guilty to the charge of illegal re-entry under 8 U.S.C. § 1326 was not voluntary.

In fact, the discovery provided by the government in this case shows that [Defendant] was deported from the United States on October 20, 2006, and that he was advised that he could face a penalty of up to twenty years' imprisonment for illegally returning to the United States. *See* Gov. Ex. F (attached hereto).

Second, [Defendant] alleges that I was ineffective in that I did not object to the sixteen-level enhancement imposed in his case under USSG § 2L1.2 on the basis of his prior conviction for robbery under Texas law. The Fifth Circuit's decision in *United States v. Santiesteban-Hernandez*, 469 F.3d 376 (5th Cir. 2006) forecloses [Defendant's] contention.

Third, [Defendant] alleges that his 'adjusted criminal history' was erroneously computed. To the extent that [he] is referring to his offense level computation, as explained in [the] preceding paragraph, it was correctly calculated. To the extent that [he] is referring to the criminal history category computation, it too was correctly calculated under the Sentencing Guidelines.

Specifically, [Defendant] properly received one point for an assault charge for which he received a forty-day sentence. PSR Paragraph 27 (citing USSG § 4A1.1.(c)). He properly received three points for the robbery conviction for which he received a three-year sentence. PSR Paragraph 28 (citing USSG § 4A1.1.(a)). He properly received two points for an evading arrest conviction for which he received a 180-day sentence. PSR Paragraph 30 (citing USSG § 4A1.1.(b)). Further, [Defendant] properly received two points for returning to the United States within two years after his release from custody on October 20, 2006, for the sentence in connection with his robbery conviction. PSR Paragraph 32 (citing USSG § 4A1.1.(e)). With a total of eight criminal history points, his criminal history category of IV was correctly calculated. PSR Paragraph 33.

> Fourth, [Defendant] alleges that I was ineffective in failing to request that the Court consider the six months he spent in state custody for evading arrest and the one month he spent in immigration custody. Although I do not recall whether I made these specific requests at his sentencing hearing, I did request a sentence below the 57-71 guideline range under 18 U.S.C. § 3553(e). *See* Docket Entry No. 27, at 2 (Def.'s Objections to PSR and Sentencing Memorandum). Further, the Guidelines do not recommend that the Court give credit for discharged terms of imprisonment unless subsection (b) of § 5G1.3 would apply. *See* USSG § 5K2.23. In [Defendant's] case, subsection (b) of § 5G1.3 would not have applied.

(Docket Entry No. 46, Affidavit of Samy Kamal Khalil, emphasis omitted.)

In his first two arguments, Defendant claims that trial counsel failed to inform the Court that he signed a voluntary departure agreement, and that he was not informed of future consequences if he returned to the United States. However, these factual allegations are refuted by the deportation documents trial counsel attached to his affidavit. These documents show that Defendant's deportation was ordered and undertaken pursuant to a "Warrant of Removal/Deportation"; nothing reflects that Defendant had agreed to voluntarily leave the country in lieu of deportation. *Id.*, Exhibit F. Further, the black box "WARNING" on the "Warning to Alien Ordered Removed or Deported," as served on Defendant, clearly warned him of the consequences of illegal re-entry into the United States. *Id.* Counsel was not ineffective in failing to raise meritless arguments. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("This Court has made clear that counsel is not required to make futile motions or objections."). Further, because counsel did not err in these particulars, Defendant does not show that his plea was unknowingly or unintelligently made.

5

Nor does Defendant establish that counsel was ineffective in failing to object to the sixteen-level enhancement imposed on him under Guideline § 2L1.2 by reason of his Texas state robbery conviction. As counsel and the Government correctly argue, the Fifth Circuit Court of Appeals has held that a prior Texas robbery conviction qualifies as a "crime of violence" warranting a sixteen-level offense enhancement. *See United States v. Santiesteban-Hernandez*, 469 F.3d 376, 381 (5th Cir. 2006). Trial counsel is not ineffective in failing to raise meritless objections, and no ineffective assistance is shown. *See Koch*.

Defendant fares no better by his complaint that counsel failed to object to his purportedly erroneous criminal history computation. Defendant's entire, one-sentence argument – "The adjusted criminal history was erroneously computed, and therefore the sentence should be vacated" – provides this Court no supporting factual or legal basis for granting the requested relief, as Defendant fails to identify any computation error. To the contrary, trial counsel sets forth in his affidavit a clear and factually supported analysis of how Defendant's criminal history was calculated, an analysis with which this Court agrees. *See* Presentence Investigation Report, pp. 5-8. As previously stated, trial counsel was not ineffective in failing to raise meritless objections.

In his final issue, Defendant asserts that trial counsel failed to request a credit on his sentence for the seven total months Defendant spent in state custody under his six-month state criminal offense and one-month immigration custody. Defendant asks this Court to amend his judgment to reflect a seven-month credit. Defendant again provides no legal

authority in support of his argument. This Court agrees with trial counsel's assertions in his affidavit that the Guidelines do not recommend credit be given for discharged terms of imprisonment unless subsection (b) of § 5G1.3 would apply, and that subsection (b) of § 5G1.3 did not apply in Defendant's case. Defendant does not establish any entitlement to a seven-month sentencing credit, and fails to meet his burden of proof under *Strickland*. No ineffective assistance of counsel is shown.

## *Conclusion*

For these reasons, the Government's motion to dismiss (Docket Entry No. 46) is GRANTED, and Defendant's motion for relief under section 2255 (Docket Entry No. 32) is DENIED. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED. The Clerk of Court is ORDERED to terminate all pending motions in, and to administratively close, Civil Action H-09-3178.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on April 15, 2010.

_____
Gray H. Miller
United States District Judge